815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charlie E. ROBERTS, Plaintiff-Appellant,
v.
Joe JOHNSON and William L. Shadone, Defendants-Appellees.
 No. 86-5952.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's order dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is currently a prisoner at the Western Kentucky Farm Center in Fredonia, Kentucky. The defendants are the state court prosecutor and judge involved in the plaintiff's criminal conviction. The complaint alleges that the prosecutor and judge violated the plaintiff's constitutional rights during these proceedings. The plaintiff requested $25,000.00 in compensatory and $25,000.00 in punitive damages from each defendant.
 
 
 3
 The magistrate filed a report recommending that the complaint be dismissed. Although the plaintiff did file a document within the time period for responding to the magistrate's report, the district court entered an order stating that the plaintiff had failed to respond to the report. The district court then adopted the magistrate's report and dismissed the case. Because the plaintiff did file a timely response to the magistrate's report, we will address the merits of the plaintiff's appeal.
 
 
 4
 The magistrate recommended that the case be dismissed because the prosecutor and the judge were absolutely immune from civil liability for damages. A prosecutor enjoys absolute immunity from suit for damages when he acts within the scope of his prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). A judge also enjoys absolute immunity from suit for damages for actions committed within the judge's judicial jurisdiction. Pierson v. Ray, 386 U.S. 546, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 5
 In the present case, the plaintiff alleged that the prosecutor illegally refused to allow the plaintiff to take a polygraph examination, permitted city employees to serve on the jury during the first trial, and coerced the plaintiff into a plea bargain after the first trial ended in a hung jury. The plaintiff alleged that the judge participated in the coercion regarding the plea bargain. It is clear that these actions were taken within the scope of the prosecutor's duties and within the jurisdiction of the judge. So the district court was correct to grant absolute immunity to the defendants.
 
 
 6
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.